LAW OFFICE OF ERIC HONIG
Eric Honig - CA Bar No. 140765
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

DAVID B. SMITH
dbs@davidbsmithpllc.com
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703-548-8911
Fax 703-548-8935
*Pro Hac Vice*

Attorneys for Claimant
MITCHELL MAGEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$600,980.00 IN U.S. CURRENCY,<br><br>Defendant.<br><br>MITCHELL MAGEE,<br><br>Claimant. | Case No. 2:21-CV-06965-RKG-MAR<br><br>NOTICE OF MOTION AND MOTION TO LIFT OR MODIFY STAY ORDER<br><br>DATE: October 24, 2022<br>TIME: 9:00 a.m.<br>CTRM: 850, Hon. R. Gary Klausner |

PLEASE TAKE NOTICE that on October 24, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012,

Claimant Mitchell Magee will move the Court to lift or modify the stay order in this action.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 12, 2022. The motion is based upon this the attached memorandum of points and authorities, all pleadings and papers on file in this and related actions, and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: September 26, 2022    Respectfully submitted,

DAVID B. SMITH
(*pro hac vice*)

LAW OFFICE OF ERIC HONIG

*/s/ Eric Honig*
Eric Honig
Attorneys for Claimant
MITCHELL MAGEE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Claimant Mitchell Magee ("Claimant"), by and through his counsel of record, hereby moves this Honorable Court to lift or modify the stay order entered in this case on March 8, 2022 (Doc. 38).  Since this Court ordered the stay six months ago, the government has filed two status reports stating simply and vaguely that "[t]he related federal criminal investigation is ongoing."  The most recent status report filed just three weeks ago did not provide any facts as to whether any progress has been made in the alleged investigation or when the government ultimately expects this alleged investigation to conclude. It also confirmed that its next status report will not be filed for another three months, i.e., on or about December 5, 2022.   *See* status reports filed 6/6/22 (Doc. 45) and 9/6/22 (Doc. 48).

Because the government did not indicate any possible end to its investigation and failed to tell the Court that it has made any progress in the past six months, Claimant contends that there is no basis to maintain the stay.  In addition, and in the alternative, if the Court believes the government did provide sufficient information to continue delaying the litigation of this case, Claimant requests that the Court modify the stay to allow him to file and have the Court determine a motion to suppress evidence, since the facts needed to litigate that motion already are in the record in a related case and are available to the parties.

## II.

## BACKGROUND

The civil forfeiture complaint filed in this action alleged that U.S. Private Vaults ("USPV") rented safe deposit boxes to customers, including Claimant's box No. 504.  ECF 1, ¶¶8, 20.  On March 22, 2021, the government executed a seizure warrant at USPV; in doing so, the government removed the door from

every single safe-deposit box in the USPV facility and then scoured the contents of the boxes. *See Snitko v. United States*, CA/CD No. 2:21-cv-4405-RGK-MAR (class action), Trial Brief, ECF 135, at 11:23-25.

As a result of this warrant execution, the government seized the property of nearly all of the box holders, including Claimant's property and the property of the *Snitko* plaintiffs, and initiated administrative forfeiture proceedings. *Id.* at 14:23-27. Eventually, the government filed this civil forfeiture action against Claimant's property. *See* ECF 1 in the instant case.

In *Snitko*, as a remedy for the violation of their Fourth Amendment rights from the search of their safe deposit boxes, the named plaintiffs and the class seek an order requiring the destruction or segregation of records generated during—or as a result of—the government's alleged unconstitutional actions. *Snitko*, ECF 135, 16:15-18. On August 22, 2022, this Court took under submission the outcome of that case based on documentary evidence and the parties' trial briefs. *Id.* at ECF 139.

## III.
## ARGUMENT

Claimant's motion to suppress will be based solely on facts that occurred before and during the execution of the above-referenced seizure warrant and its resulting inventory. That means that Claimant's motion also necessarily will be based solely on facts that occurred prior to the initiation of the government's alleged pending criminal investigation and, indeed, prior to the government even discovering that Claimant held a safe deposit box at USPV. Moreover, the motion will be based only on facts already in the Court record regarding the government's search and seizure of the safe deposit boxes at that facility, which occurred all the way back in March 2021, more than 18 months ago.

Importantly, the government will not have to produce or "create" any discovery, declarations or other testimony – nor will Claimant – to litigate

4

Claimant's motion to suppress here, since the government already produced sufficient evidence in discovery in the *Snitko* case that Claimant would need to bring his motion in the present case.

For his motion – which would be based on the same government conduct that is the subject of the *Snitko* case – Claimant would rely on the same documents and testimonial evidence and similar arguments that already are before the Court in the Court's record in the *Snitko* case.[1]  Therefore, neither Claimant nor the government will need to produce anything more to litigate his motion.

Significantly, the government's related criminal case, *United States v. U.S. Private Vaults, Inc.,* 2:21-cr-00106-MCS-1, concluded on June 15, 2022 with the defendant U.S. Private Vault's Judgment and Commitment and a criminal forfeiture order.  *Id.*, ECF Doc. No. 114.  Thus, there is no pending related criminal (or civil) case that a motion to suppress in this case could adversely affect.[2]

---

[1] Not only is the government's search and seizures of the USPV boxes in this Court's record, but its actions also have been disseminated and well-documented in the media.  *See* Finnegan, Michael, "FBI misled judge who signed warrant for Beverly Hills seizure of $86 million in cash," *Los Angeles Times,* September 23, 2022.  Claimant hereby requests the Court to take judicial notice of this article (attached hereto as Exhibit 1) pursuant to Fed.R.Evid. 201(b)(2)(facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

[2] The issues supporting the government's request for a stay in a related civil forfeiture case involving Claimant's other property, *United States v. $217,285.00* , CA/CD No. 2:22-cv-0015-RGK-MAR, is significantly different, in that in that case Claimant expects to argue that the seized property there should be suppressed as the "fruit of the poisonous tree," since that search of his home occurred nearly four months after the USPV search and seizure that are at issue in the present case.  *See Id.*, ECF 1, ¶5(a).  As a result, Claimant's intended motion to suppress is more direct here because the property seizure from Claimant's safe deposit box (along with the seizures from all of the other boxes, including those held by the *Snitko*

Accordingly, there is no factual or legal basis to prohibit Claimant from moving to suppress evidence seized by the government.

### IV.
### CONCLUSION

Claimant requests this Court to lift the stay order entered in this case, or modify the stay to allow him to move to suppress evidence seized as a result of the government's search of his USPV safe deposit box.

Dated:  September 26, 2022          Respectfully submitted,

                                            DAVID B. SMITH
                                            (*pro hac vice*)

                                            LAW OFFICE OF ERIC HONIG

                                            */s/ Eric Honig*
                                            Eric Honig
                                            Attorneys for Claimant
                                            MITCHELL MAGEE

---

plaintiffs) occurred during the execution of the seizure warrant at USPV, whereas in the related case Claimant's property was not seized from his home until four months later, long after the government learned about Claimant's storage of property at USPV and the execution of the seizure warrant there.