E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture Section
        Federal Courthouse, 14th Floor
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2569/1785
        Facsimile: (213) 894-0142
        E-mail: Victor.Rodgers@usdoj.gov
                Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>$600,980.00 IN U.S. CURRENCY,<br><br>Defendant.<br><br>MITCHELL MAGEE,<br><br>Claimant. | Case No. 2:21-cv-06965-RGK-MAR<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CLAIMANT MITCHELL MAGEE'S MOTION TO LIFT OR MODIFY STAY ORDER**<br><br>Date:         October 24, 2022<br>Time:         9:00 a.m.<br>Courtroom:    850, the Honorable<br>              R. Gary Klausner |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff United States of America ("United States" or "the government") respectfully submits this memorandum of points and authorities in opposition to the motion filed by claimant Mitchell Magee ("Claimant" or "Magee") to lift or modify the stay order entered in this case.  By order dated March 8, 2022, the Court granted the government's motion to stay this action pursuant to 18 U.S.C. § 981(g) (i.e., the mandatory stay provision) pending the resolution of the ongoing criminal investigation, because civil discovery would adversely affect the government's ability to conduct the related criminal investigation, and ordered the government, beginning June 6, 2022, and every 90 days thereafter, to file a status report regarding the status of the ongoing criminal investigation.  (Dkt. 38).  The government filed its status reports on June 6, 2022, and September 6, 2022, advising that the investigation was still ongoing.[1]  (Dkts. 45, 48.)   Because none of Claimant's arguments warrant lifting or modifying the stay, the motion should be denied.

## ARGUMENT

### A.   Magee's Arguments Do Not Warrant Lifting Or Modifying The Stay.

Claimant offers no authorities or standards regarding the appropriateness of lifting the stay under 18 U.S.C. § 981(g)(1), which statute provides for a mandatory stay if "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  Instead, Claimant raises a factual argument to support his request, contending maintenance of the stay is warranted because the government's September 6, 2022 public status report advising the criminal investigation was ongoing (Dkt. 48) "did not indicate any possible end to its investigation and failed to tell the Court that it has made any progress in the past six

---

[1]   In addition to the status reports, in a related civil forfeiture case, United States v. $217,285.00 in U.S. Currency, et al., 2:22-cv-00015-RGK-MARx, in which the same Claimant (Mitchell Magee) opposes a pending motion to stay, the government lodged in camera a declaration detailing the related ongoing criminal investigation.

months."[2]  Cl. Br. at 3:15-17.  But Claimant ignores that, six days earlier on August 31, 2022, the government lodged in camera and pursuant to 18 U.S.C. § 981(g)(5) a non-public declaration setting forth the details and recent events pertaining to the ongoing criminal investigation relative to Claimant, in support of the government's motion to stay filed in the related civil forfeiture case where, as here, Magee is the sole Claimant to the defendant assets.  See United States v. $217,285.00 in U.S. Currency, et al.; Mitchell Magee, Claimant, 2:22-cv-00015-RGK-MARx, (Dkt. 30).  Accordingly, the details have been provided.   Furthermore, Claimant's argument has nothing to do with the standard for a stay under 18 U.S.C. § 981(g)(1).  Therefore, Claimant's factual argument does not advance his position.

Claimant next argues that if the stay is not lifted, the stay should be modified to allow him to file a suppression motion.  Cl. Br. at 4:18-26.  But Claimant has previously made, and the Court has previously rejected, this argument.  Claimant offers no legitimate reason for the Court to reconsider its prior ruling.[3]  (Dkt. 38).  The Court's March 8, 2022 order granting the motion to stay in the instant case provides:

Claimant has indicated that he intends to bring a motion to suppress based

---

[2] The government's filing of status reports is the typical manner in which courts handle 18 U.S.C. § 981(g) stays.  See, e.g., United States v. Approximately $69,577 in U.S. Currency, 2009 WL 1404690 at *1 (N.D. Cal. May 19, 2009) (ordering the government "to file status reports every 90 days detailing the continued need for a stay"); United States v. Real Property and Improvements, 2007 WL 911849 at *1 (N.D. Cal. Mar. 23, 2007) (requiring the government "to file status reports every 60 days detailing the continued need for a stay").  See also United States v. $1,111,120.00 in U.S. Currency, 2014 WL 619436, *1-2 (S.D. Ohio Feb. 18, 2014) (noting that government was required to file quarterly status reports regarding the criminal investigation during the three years that the stay was in effect).

[3] Under Local Rule 7-18, motions for reconsideration may be made only on the grounds of:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

2

on the FBI's alleged misconduct in seizing Claimant's USPV box. . . .
Defending against such a motion would require the Government to depose
witnesses and offer declarations from the seizing FBI agents, which could
further prejudice the related investigation.  See United States v.
$247,052.54, 2007 WL 2009799, at *2 (N.D. Cal. July 6, 2007) ("Deposing
[witnesses] now would allow [Claimant] the opportunity to cross-examine
them in advance of trial ... requiring them to divulge information related to
the criminal case ... [and] testimonial declarations of law enforcement
officers, whose testimony will play a central role in the criminal trial,
creat[e] additional risks.")

Dkt. 38 at 3.

Claimant argues that the Court should modify the stay order to allow him to file a
motion to suppress, which according to Claimant would be based only on facts already in
the Court record regarding the execution of warrants at U.S. Private Vaults, and consist
of documents and deposition testimony produced in discovery and arguments made in
Snitko, et al. v. United States of America, et al., Case No. 2:21-cv-04405-RGK-MARx.
Cl. Br. at 4:24-25 and 5:5-7.[4]  Claimant then contends that the parties would need to rely
solely upon that evidentiary record in their suppression papers.  However, that is not so.
As discussed in detail in the government's pending motion to stay filed in the related
case, United States v. $217,285.00 in U.S. Currency, et al., 2:22-cv-00015-RGK-MARx,
Claimant's anticipated motion to suppress raises factual issues that will require
testimonial declarations of law enforcement officers who seized the defendant assets,
and depositions of other persons such as cooperating witnesses, which will subject those
individuals to cross-examination by Claimant and create discovery that would have to be
turned over as part of a future criminal case.  This is exactly the type of discovery that
will harm the ability of the government to conduct the related criminal investigation or

---

[4] On September 29, 2022, the Court entered judgment in favor of the government
in the Snitko action.

prosecute a related criminal case, which the CAFRA's mandatory stay provision was designed to avoid.[5]  See United States v. $247,052.54, 2007 WL 2009799, *2 (N.D. Cal. Jul. 6, 2007).

Claimant also argues that the related criminal case against USPV has ended (Cl. Brf. 5:9-13), but that fact is irrelevant as the government's stay is not based on a related criminal case against USPV but instead is based on a related criminal investigation as to Claimant himself.  In addition, and relegating the argument to a footnote, Claimant asserts that a suppression motion here would be more direct because this case involves the $600,980 seized in March 2021 rather than the $217,285 seized in July 2021. However, that fact has nothing to do with whether civil discovery will adversely affect a related criminal investigation, because the same creation of discovery is necessary for the government to oppose any such motion.  Furthermore, Claimant's argument ignores that Claimant must necessarily prove a Constitutional violation as to the seizure at USPV, in order to show that the subsequent seizure is unlawful under the fruit of the poisonous tree doctrine.

**B. The Court Should Deny Magee's Request For Judicial Notice.**

Claimant requests that the Court take judicial notice of a Los Angeles Times article pursuant to Federal Rule of Evidence 201(b)(2).  According to Claimant, Fed. R. Evid. 201(b)(2) permits judicial notice of "facts [that] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Cl. Br. at 5:16-22 n.5.  By seeking judicial notice under that statute, Claimant seeks judicial notice to prove the truth of the facts asserted in the article.  Fed. R. Evid. 201(b)(2) does not authorize judicial notice of the article.

First, Claimant ignores that the statute recognizes that a prerequisite for its

---

[5] The Court is aware of the government's arguments regarding the stay of these cases from the government's motion to stay the instant case (Dkt. 24) and reply in support thereof (Dkt. 33), as well as the government's motion to stay in the related civil forfeiture case United States v. $217,285.00 in U.S. Currency, et al., 2:22-cv-00015-RGK-MARx (Dkt. 26) and reply in support thereof (Dkt. 33).

application is that the fact for which judicial notice is sought must not be subject to a reasonable dispute.  See Fed. R. Evid. 201(b)(2) (a court "may judicially notice a fact that is not subject to reasonable dispute <u>because</u> it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (emphasis added); Fed. R. Evid. 201(b), advisory committee's note to subsection (b) ("[w]ith respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy. . . . The rule proceeds on the theory that these conditions call for dispensing with traditional methods of proof only in clear cases").  As an initial matter, Claimant's failure to identify the specific facts in the article he asserts should be judicially noticed under Fed. R. Evid. 201(b)(2), standing alone, dooms his request.  See <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 999 (9th Cir. 2018) ("[a] court must . . . consider--and identify--which fact or facts it is noticing from . . . [a document].  Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth").  <u>See also</u> Fed. R. Evid. 201(c)(2) (court must take judicial notice <u>if</u> "the court is supplied with the necessary information").

Second, although Claimant's failure to identify the facts precludes the government from showing that those specific facts are the subject of reasonable dispute, cases reflect that facts in newspapers are frequently the subject of legitimate dispute.  <u>Christa McAuliffe Intermediate School PTO, Inc. v. de Blasio</u>, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2020) ("[t]he Court does not take judicial notice of any of the facts or data in the August 13, 2018 New York Times article . . . The New York Times is a well-respected news publication, but it is not a source 'whose accuracy cannot reasonably be questioned' when it comes to the facts and data Plaintiffs ask the Court to notice . . ."); <u>Gerritsen v. Warner Bros. Ent., Inc.</u>, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (" 'Newspaper articles generally . . . are not always free of reasonable dispute' ") (quoting <u>In re Disciplinary Proceedings of Yana</u>, 2014 WL 309314 (N.M.I. Jan. 28, 2014)); <u>Ali v. Intel Corp.</u>, 2018 WL 5734673, *3 (N.D. Cal. Oct. 31, 2018) ("to the

5

extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts") (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  In addition, the article itself reflects that the government disputes the facts set forth therein.

Third, even if Claimant had relied on a statute other than Fed. R. Evid. 201(b)(2) for his judicial notice request, courts can only take judicial notice of newspaper articles to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."  <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010) (citations and internal quotation marks omitted).  <u>Accord</u>, <u>Ali</u>, 2018 WL 5734673 at *3 (in denying request for judicial notice, the court stated "[c]ourts do not take judicial notice of newspaper articles for the truth of the contents of the articles") (citations omitted).  <u>Cf.</u> <u>Mulligan v. Nichols</u>, 2014 WL 12586245, *2 (C.D. Cal. Jan. 2, 2014) ("[t]he Court declines to take judicial notice of the Los Angeles Times articles because Plaintiff has not demonstrated that the articles would be admissible at trial.  If the articles were used to prove the facts they report, the articles would likely be inadmissible as hearsay").

Accordingly, Claimant's request for judicial notice pursuant to Fed. R. Evid. 201(b)(2) should be denied.

//
//
//
//
//
//
//
//
//
//

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that Magee's motion to lift or modify the stay be denied.

Dated: October 3, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

        /s/   *Maxwell Coll*
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA