LAW OFFICE OF ERIC HONIG
Eric Honig - CA Bar No. 140765
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

DAVID B. SMITH
dbs@davidbsmithpllc.com
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703-548-8911
Fax 703-548-8935
*Pro Hac Vice*

Attorneys for Claimant
MITCHELL MAGEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>$600,980.00 IN U.S. CURRENCY,<br><br>　　Defendant.<br><br>MITCHELL MAGEE,<br><br>　　Claimant. | Case No. 2:21-CV-06965-RKG-MAR<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO LIFT OR MODIFY STAY ORDER<br><br>Hon. R. Gary Klausner |

　　Claimant Mitchell Magee ("Claimant"), by and through his counsel of record, hereby replies to the government's Opposition to his Motion to Lift or Modify Stay Order (Doc. 50) as follows.

1.     The government's primary argument is that despite Mr. Magee's reliance on the extensive record in *Snitko*, the government would *still* need to submit declarations from law enforcement officers who seized Mr. Magee's assets from his safety box at U.S. Private Vaults and still need to take the depositions of other persons "such as cooperating witnesses," which would subject these witnesses to cross-examination. Opp. at 3. However, the government does not explain why it cannot rely on the declarations of law enforcement officers and the depositions of witnesses it used in the *Snitko* litigation, in which the government recently prevailed. *Snitko, et al. v. United States, et al.*, No. 2:21-cv-04405-RGK-MAR (C.D. Cal. Sept. 29, 2022) (Doc. 140).

What cooperating witnesses is the government referring to? Did they supply the probable cause for searching or seizing the contents of Mr. Magee's safety deposit box? That is difficult to believe. The government *may* have had cooperating witnesses with respect to the much later seizures in the separate *$217,285* case, but those witnesses would have had nothing to say about the factual or legal basis for the seizure of the contents of Mr. Magee's safety deposit box at U.S. Private Vaults, along with 700 other safe deposit boxes from March 22 to 26, 2021.

2.     The government also contends in a footnote that Mr. Magee's motion is really a motion for reconsideration (although not labeled as such) that is not authorized by Local Rule 7-18. Opp. at 2 n.3. But even assuming that Mr. Magee's motion is deemed a motion to reconsider, it is allowed under Local Rule 7-18 because there is "a material difference in fact" from the unsuccessful argument Mr. Magee presented in his opposition to the government's Motion to Stay in this case. The "material difference in fact" required by Local Rule 7-18 is that we now have the entire lengthy record in the *Snitko* litigation to rely on, including this Court's recent decision in favor of the government, *thus obviating the need for any other discovery with regard to Mr. Magee's proposed motion to suppress*. Candidly, we do not expect to succeed with respect to the motion to suppress in light of the Court's decision on

1  September 29. But, like the *Snitko* plaintiffs, Mr. Magee would preserve the
2  significant suppression arguments for appeal and Mr. Magee cannot appeal that
3  without *making* the motion to suppress. He intends to litigate the merits of the
4  government's forfeiture claims as well in both of his cases, and he wants to get on
5  with it without waiting interminably for the government to complete its criminal
6  investigation.

7      3.    The government spends a lot of ink arguing that the Court should deny
8  Mr. Magee's request that the Court take judicial notice of the long L.A. Times article
9  recounting the history of the U.S. Private Vaults cases, with particular emphasis on
10 the *Snitko* class action litigation. Opp. at 4-6. The government does not specify what
11 facts contained in the article it disputes. But the Court does not need to decide the
12 judicial notice question because everything of any relevance in the newspaper story
13 is also contained in the *Snitko* record, which Mr. Magee has also relied upon. The
14 government has not challenged Mr. Magee's right to rely upon the record in *Snitko*.

Dated: October 6, 2022        Respectfully submitted,

                                      DAVID B. SMITH
                                      (*pro hac vice*)

                                      LAW OFFICE OF ERIC HONIG

                                      */s/ Eric Honig*
                                      Eric Honig
                                      Attorneys for Claimant
                                      MITCHELL MAGEE