UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06965-RGK-MAR | Date | November 15, 2022 |
|---|---|---|---|
| Title | United States of America v. $600,980.00 in U.S. Currency | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Claimant:

Not Present            Not Present

**Proceedings:**     **(IN CHAMBERS) Order Re: Claimant's Motion to Lift Stay [DE 49]**

## I.   INTRODUCTION

On August 30, 2021, the United States (the "Government" or "Plaintiff") filed a civil forfeiture complaint against $600,980.00 in U.S. currency ("Defendant Assets"), and on October 13, 2021, Mitchell Magee ("Claimant") filed a claim for the Defendant Assets. (*See* Compl., ECF No. 1; Claim, ECF No. 14.) In January 2022, the Government filed a Motion to Stay the Case, which the Court granted pending completion of a related criminal investigation. (*See* Order re: Pl.'s Mot. Stay (the "Stay Order"), ECF No. 38.) Since the entry of the Stay Order, the Government has filed two status reports indicating that the related criminal investigation is ongoing. (ECF Nos. 45, 48.)

Presently before the Court is Claimant's Motion to Lift the Stay. (ECF No. 49.) For the reasons below, the Court **DENIES** the Motion.

## II.   FACTUAL BACKGROUND

The detailed facts of this case are recited in the Stay Order. The facts pertinent to the current motion are presented below.

This case involves $600,980 in U.S. currency seized from box number 504 at United States Private Vaults ("USPV"). Claimant contends that the money belongs to him, whereas the Government contends that it is the proceeds of illegal activity and therefore subject to forfeiture. The Government has previously filed an *in camera* declaration detailing an ongoing federal criminal investigation in this District that relates to Claimant and the Defendant Assets, and the Court found that this declaration sufficiently established that the criminal investigation is related to this case and justified a stay. (Stay Order at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06965-RGK-MAR | Date | November 15, 2022 |
|---|---|---|---|
| Title | *United States of America v. $600,980.00 in U.S. Currency* | | |

After it seized the Defendant Assets from USPV, the Government obtained a search warrant on Claimant's residence and storage unit, which resulted in the seizure of $217,285.00 in cash and three watches with a combined value of $30,000.00. Those assets are the subject of a related civil forfeiture action, *United States v. $217,285.00 in U.S. Currency, et al*, Case No. 2:22-cv-00015-RGK-MAR. Claimant in this case filed a claim in the related action, and the Government filed a motion to stay supported by an *in camera* declaration detailing the ongoing criminal investigation. *Id.*, ECF Nos. 14, 26. That declaration was filed on August 31, 2022, approximately three weeks prior to Claimant's motion in this case.

### III.    JUDICIAL STANDARD

Upon the Government's Motion, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). When the Government moves for a stay, it may also "submit evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

As used in the statute, "related criminal investigation" means:

> [A]n actual . . . investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal . . . investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(3). The statute's language is the product of an amendment by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that "broadened the stay relief significantly" and did away with any requirement that the Government show good cause. *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001). The statute requires no particularized showing of prejudice or harm; the Court needs to determine only whether civil discovery will likely interfere with the criminal investigation. *See U.S. v. Real Property Located at 6415 N. Harrison Ave., Fresno Cty.*, 2012 WL 4364076, at *3 (E.D. Cal. Sep. 21, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06965-RGK-MAR | Date | November 15, 2022 |
|---|---|---|---|
| Title | *United States of America v. $600,980.00 in U.S. Currency* | | |

### IV.  DISCUSSION

Claimant argues that the Court should lift the stay in this case because the Government's public status reports do not detail why proceeding with this action will continue to prejudice the related criminal investigation. The Government's status reports are indeed threadbare, stating only that "[t]he related federal criminal investigation is ongoing." (*See, e.g.*, Sep. 6, 2022 Status Report at 1.) However, the Court has the benefit of the Government's recently-filed *in camera* declaration in the related case of *United States v. $217,285.00 in U.S. Currency, et al.* That declaration led the Court to stay the related case because it showed "the pending criminal investigation of Claimant [Mitchell Magee] in this District is closely related to [the] case," and that civil forfeiture discovery would prejudice the investigation. *Id.*, Order re: Pl.'s Mot. Stay at 3, ECF No. 35. The Government's recent *in camera* declaration shows that the related investigation continues apace. The Court sees no reason to depart from its recent finding in a case featuring the same Claimant, the same investigation, and assets (like the Defendant Assets here) related to that investigation.

In the alternative, Claimant seeks a limited lift of the stay in order to file a motion to suppress evidence. Claimant made an identical request in *$217,285.00 in U.S. Currency*, offering to take no discovery related to the motion and instead use evidence from the public record in another related case, *Snitko, et al v. United States, et al*, Case No. 2:21-cv-04405-RGK-MAR. The Court found the argument uncompelling then and finds it similarly uncompelling here. Even if Claimant restricts himself to using evidence from *Snitko*, the "Government would necessarily need to elicit and file declarations from agents involved in the seizure of Claimant's assets who are also involved in the ongoing criminal investigation." *$217,285.00 in U.S. Currency*, Order re: Pl.'s Mot. Stay at 3. The Government also proffers that it would need to depose cooperating witnesses to oppose a motion to suppress, thereby offering Claimant the opportunity to obtain the identity of these witnesses and to cross-examine them. The Government has established that early disclosure of such evidence "could endanger the operation of the criminal investigation." *United States v. "The Wolf of Wall Street" Motion Picture*, 2017 WL 8320168, at *1 (C.D. Cal. Sep. 13, 2017).

For the foregoing reasons, the Court declines to lift the stay. However, the Court is cognizant that Claimant's due process concerns become increasingly heightened the longer his property is held without an opportunity to contest the seizure. While Section 981(g) mandates that the Court maintain the stay if the Government carries its statutory burden, the Government *must actually carry that burden*. *See* 18 U.S.C. § 981(g)(1), (3)–(4). Moving forward, the Government will almost certainly not have the fortuitous timing it benefitted from here, where it recently filed a detailed declaration in a related case. So that the Court can adequately determine whether a stay continues to be required, the Court orders the Government to provide more fulsome information in its forthcoming status updates. A one-sentence statement that the related investigation "is ongoing" will no longer suffice as the length of the stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06965-RGK-MAR | Date | November 15, 2022 |
|---|---|---|---|
| Title | *United States of America v. $600,980.00 in U.S. Currency* | | |

increases. If necessary, the Government may file confidential supporting information *in camera*, pursuant to 18 U.S.C. § 981(g)(5).

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Claimant's Motion. The Government's next status report is due **December 5, 2022**, and must provide sufficient information regarding the ongoing criminal investigation for the Court to determine that a stay continues to be warranted. The Government must thereafter continue filing status reports with sufficient supporting information every 90 days until the stay is lifted.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/a |